IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL ) | |
| LIFE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:20-cv-432-RAH |
| ) | [WO] |
| v. ) | |
| ) | |
| CHANDRA S. MITCHELL and ) | |
| TERESITA FREEMAN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

This is a dispute concerning the right and entitlement to life insurance proceeds payable upon the death of Veda Y. Campbell. The proceeds, $23,605.40, were paid into the court registry by American General Life Insurance Company on December 22, 2020. Two claims have been made on the money — one by Chandra Mitchell, Veda's sister and the long-time beneficiary under the life insurance policy, and the other by Teresita Freeman, Veda's daughter and the beneficiary at the time of Veda's death due to a change of beneficiary form purportedly executed by Veda approximately seven days before her death.

1

Chandra claims the deathbed change of beneficiary form is a forgery and that Veda lacked sufficient capacity to execute such a form even if it was not a forgery. Teresita contends that she is the rightful beneficiary.

Pending before the Court is Chandra's Motion for Summary Judgment (Doc. 27) which was filed on April 30, 2021. Teresita has not filed a response or opposition thereto, even though she has been given multiple opportunities to do so. For good cause shown, the motion is due to be granted.

## **BACKGROUND**

On May 22, 1998, Veda purchased a $25,000 life insurance policy from American General. (Doc. 27-3 at 2–3.) The application identified two beneficiaries—Ethel Campbell (Veda's mother, now deceased[1]) and Chandra. (Doc. 1-1 at 21; Doc. 27–3 at 3.)

Veda died on September 27, 2019 from metastatic cancer. (Doc. 27-14 at 2.) Veda's health had been declining for months and her death was not unexpected. She had been receiving in-home hospice care since May 2019 and arrangements were made on September 19, 2019 to place her in a hospice facility on September 23, 2019 for the final days of her life. (Doc. 27 at 2–3.)

On September 20, 2019, in the days preceding Veda's death, a change of beneficiary form was purportedly signed by Veda that changed the beneficiary on the American

---

[1] Since Ethel Campbell, the first beneficiary, is deceased (*see* Doc. 27-13), Chandra, as the second beneficiary, is sole beneficiary under the original policy application and therefore the only beneficiary under the policy if all subsequent beneficiary designation forms are ignored. (*See* Doc. 27-3 at 3, 7.)

2

General insurance policy from Chandra to Teresita. (Doc. 1-3.) This change of beneficiary form apparently was completed without Chandra's knowledge.

In the months following Veda's death, both Chandra and Teresita submitted claims to American General for the life insurance benefits, with Chandra relying upon the original beneficiary designation signed by Veda in 1998 and Teresita relying upon the change of beneficiary form allegedly signed by Veda during the week of her death. (Doc. 1-5; Doc. 1-6.)

On June 19, 2020, due to the competing claims to the life insurance proceeds, American General filed this interpleader action against Chandra and Teresita. (Doc. 1.) Chandra and Teresita both filed claims asserting their right to the insurance proceeds.[2] (Doc. 9; Doc. 24.)

On March 29, 2021, the Court issued an order setting forth deadlines by which Chandra and Teresita could file dispositive motions. (Doc. 25.) The order also set October 13, 2021, as the date on which the Court would hold an evidentiary hearing and bench trial if necessary. (*Id*.)

On April 30, 2021, Chandra filed a summary judgment motion (the motion), along with supporting affidavit testimony. (Doc. 27.) In her motion, Chandra alleged that Veda's purported signature on her deathbed change of beneficiary form was a forgery. Following this filing, on May 6, 2021, the Court issued an order to Teresita requiring that she respond

---

[2] The claim filed by Teresita identified 1049 43rd Ave. N., Apt. A, Nashville, TN 37209 as her mailing address. (*See* Doc. 24 at 2.) Teresita was served with the interpleader complaint at that address (*see* Doc. 6; Doc. 18; Doc. 21), and orders from the Court have been mailed to that address as well (*see* Doc. 16; Doc. 18; Doc. 26).

to the motion by June 7, 2021; otherwise, the Court may grant the motion. (Doc. 29.) No response was filed by Teresita. Giving Teresita a second chance to respond to the motion, on June 22, 2021, the Court issued another order giving Teresita until July 6, 2021 to respond. (Doc. 30.) Again, no response was filed by Teresita.

On October 13, 2021, the Court conducted a hearing in this matter, as previously set via the March 29, 2021, order. Chandra attended the hearing. Teresita did not. During the hearing, Chandra provided sworn testimony stating that Veda's purported signature on the change of beneficiary form was a forgery.[3] (Doc. 37 at 8–10, 16.) Chandra also claimed that even if the signature was not forged, Veda lacked the competency to knowingly sign such a document, especially since she was under hospice care at the time of its execution. (*Id*. at 17–18.)

## **LEGAL STANDARD**

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual

---

[3] Although oral testimony at a summary judgment hearing generally is disfavored, Chandra was sworn at the beginning of the motion hearing out of an abundance of caution so that the Court could assess Chandra's credibility in light of her *pro se* status and the self-serving nature of her allegations and affidavit testimony.

dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## ARGUMENT

The dispute before the Court concerns the competing claims to the life insurance proceeds payable upon Veda's death. The original beneficiary, Chandra, claims entitlement to the proceeds based on Veda's beneficiary designation from when the life insurance policy was procured in 1998. Teresita claims entitlement to the proceeds based on the change of beneficiary form purportedly executed by Veda in the days preceding her death. Chandra claims the deathbed beneficiary form should be ignored because Veda's signature was forged, and alternatively, assuming the signature was not a forgery, Veda lacked the competency to execute the form. Chandra brings her claim via summary judgment, which has not been contested by Teresita despite having multiple opportunities to do so.

To be sure, the change of beneficiary form is void if Veda lacked the competency to execute it. *See Ex parte Estelle*, 982 So. 2d 1086, 1089 (Ala. 2007) ("[A]n insurance policy that has been changed while the policyholder was mentally incompetent is void."). Nonetheless, the Court pretermits any further consideration of the competency issue because the Court finds the forgery issue dispositive of the outcome.[4]

---

[4] The Court notes that the record is largely devoid of evidence concerning Veda's mental condition at the moment the form was executed, a necessary component for a proper analysis under a competency challenge. *See, e.g.*, *Owens v. Coleman*, 520 So. 2d 514, 516 (Ala. 1987), overruled on other grounds by *Ex parte Estelle*, 982 So. 2d 1086 (Ala. 2007); *Williamson v. Matthews*, 379 So. 2d 1245, 1247 (Ala. 1980) (discussing the incompetence necessary to void a beneficiary designation). That Veda was on her way to a hospice care facility, in and of itself, is not sufficient

5

"Forgery is a species of fraud," and a "forged instrument is void." *Fortis Benefits Ins. Co. v. Pinkley*, 926 So. 2d 981, 988 (Ala. 2005) (quoting *Ex parte Floyd*, 796 So. 2d 303, 308 (Ala. 2001)); *see also Life Ins. Co. of Ga. v. Smith*, 719 So. 2d 797, 809 (Ala. 1998). While oftentimes a forged signature may be proved through the testimony of an expert witness, it can also be proved through testimony from a person familiar with the signature. *United States v. Barker,* 735 F.2d 1280, 1283 (11th Cir.1984) (citing Fed. R. Evid. 701 & 901(b)(2)).

Here, Chandra submitted an affidavit stating that Veda's signature on the change of beneficiary form is "<u>not</u> her signature" and "is a forgery." (Doc. 27-1 at 1.) Chandra bases this familiarity assertion on the fact that she is Veda's sister and she is "fully aware of how" Veda "signed her name." (*Id.*) During the October 13, 2021, hearing, Chandra confirmed both contentions under oath. In addition to her own opinion based on her familiarity with Veda's signature, Chandra points out that Veda's signature on the original beneficiary designation form bears no similarity to the signature on the deathbed change of beneficiary form. Meanwhile, Teresita has been given every opportunity to support her position that Veda's signature on the change of beneficiary form is true and authentic. Yet, she has failed to come forward with any evidence whatsoever, or otherwise dispute Chandra's forgery assertion.

---

to show incompetency because it does not clearly indicate that Veda could not understand the nature of the form on the day it was executed. The forgery issue, however, compels a different outcome.

6

It is troubling that the change of beneficiary form was signed while Veda was receiving hospice care, just seven days before Veda's death from metastatic cancer. However, suspicion aside, for purposes of Chandra's summary judgment motion, there is no genuine issue of material fact concerning the authenticity of the signature on the change of beneficiary form. Based on Chandra's own testimony and her comparison of the signatures, and in the complete absence of conflicting evidence, the Court concludes there is no question of fact that Veda's signature on the change of beneficiary form was forged. Therefore, the change of beneficiary form is void. The form being void, the beneficiary designation contained in the original insurance policy governs. Since Chandra is the sole surviving beneficiary, Chandra is thereby entitled to the insurance proceeds at issue.

## **CONCLUSION**

Accordingly, it is hereby ORDERED as follows:

(1)   The Motion for Summary Judgment (Doc. 27) filed by Chandra Mitchell is GRANTED.

(2)   The Change of Beneficiary Form purportedly executed on September 20, 2019 (Doc. 1-3 at 3-5) is declared NULL, VOID and WITHOUT CONSEQUENCE.

(3)   Claimant Chandra S. Mitchell is hereby declared the sole beneficiary of the American General life insurance policy (Policy No. XXXX3623) that insured the life of Veda Y. Campbell.

(4)   Ms. Mitchell shall provide a properly completed W-9 form for purposes of issuance of the check. The Clerk is DIRECTED to wait the requisite period for the expiration of the time for appeal, after the Clerk receives any necessary documentation

from the payee, such as the duly signed and dated W-9 forms. If there is an appeal, the Clerk of the Court shall delay payment pending resolution of the appeal. If no appeal is filed, the Clerk of the Court shall disburse the interpleaded funds as follows:

    a.    The principal sum of $23,605.40, plus ninety percent (90%) of the earned interest shall be paid to Chandra S. Mitchell.

    b.    The balance of ten percent (10%) of the earned interest to the Clerk of the Court. Pursuant to 28 U.S.C. § 1914(b) and FRDOC 91-26415 reported at 56 Fed. Reg. 56356 (November 4, 1991), and directions received from the Administrative Office of the U.S. Courts on February 7, 1992. The Clerk is further DIRECTED to receipt said (10%) fee into the 510100 fund.

(5)    After 30 days from the entry of this order, and after Ms. Mitchell has provided a W-9 form, the Clerk of Court shall release the funds held in the Court's registry ($23,605.40 plus any applicable interest due), made payable to Chandra S. Mitchell.

(6)    Upon release of the funds, the Clerk of Court is DIRECTED to close this matter.

DONE, on this the 1st day of December, 2021.

        /s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE